UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIPDAMAN NARULA,<br><br>              Plaintiff,<br><br>    v.<br><br>ORANGE COUNTY SUPERIOR COURT, et al.,<br><br>              Defendants. | Case No. 8:19-cv-00133-DSF-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    The Court has conducted the review required by 28 U.S.C. § 636 and accepts the findings, conclusions and recommendation of the Magistrate Judge reflected in the May 3, 2021 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation").

    On May 17, 2021, Plaintiff objected to the Report and Recommendation in a document entitled "Plaintiff Requests Hon. DJ to Reject Hon. MJ's Recommendations Completely and Grant Plaintiff's November 22 Summary Judgment Motion" ("Objections"). (Dkt. No. 84). For the reasons discussed herein, Plaintiff's Objections are overruled.

    In the Objections, Plaintiff complains the Magistrate Judge is "too prejudice against him – very prejudice." (Dkt. No. 84). To the extent this assertion can be

interpreted as a request to recuse the Magistrate Judge pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, it is without merit and is denied.

"'The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)), cert. denied, 568 U.S. 1125 (2013). "Actual bias isn't required; the appearance of impropriety can be a sufficient basis for judicial recusal." Blixseth v. Yellowstone Mountain Club, LLC, 742 F.3d 1215, 1219 (9th Cir. 2014). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. McChesney, 871 F.3d 801, 807 (9th Cir. 2017). "Recusal is only warranted if rulings are based on extrajudicial 'knowledge that the [judge] ought not to possess' or 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" Blixseth, 742 F.3d at 1220 (quoting Liteky, 510 U.S. at 555).

Here, Plaintiff does not allege – and certainly has not shown – the Magistrate Judge's decisions were based on any extrajudicial knowledge. Rather, Plaintiff's grievances are based entirely on court rulings with which he disagrees. (See Dkt. No. 84). However, "[n]othing in the court's rulings suggests any partiality and certainly nothing 'display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible.'" United States v. McChesney, 871 F.3d 801, 807-08 (9th Cir. 2017) (quoting Liteky, 510 U.S. at 555); see also United States v. Johnson, 610 F.3d 1138, 1148 (9th Cir. 2010) ("Adverse findings do not equate to bias."). Therefore, to the extent Plaintiff's
///

Objections can be read as a request for the Magistrate Judge's recusal, his request is without merit and is denied.

Beyond this, Plaintiff's Objections merely rehash unconvincing arguments and are meritless for the reasons stated in the Report and Recommendation.

IT IS HEREBY ORDERED:

1. Plaintiff's Objections (Dkt. No. 84) are overruled/denied.
2. Plaintiff's Motion to Vacate (Dkt. No. 81) is stricken. Alternatively, the Motion to Vacate is denied on its merits.
3. This action is dismissed with prejudice based on Plaintiff's failure to comply with this Court's April 1, 2020 Order (Dkt. No. 60) and November 2, 2020 Order (Dkt. 80).
4. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on Plaintiff and counsel for Defendants who have appeared in this action.

IT IS SO ORDERED.

DATED: June 14, 2021

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE